UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MADELYN CASANOVA,

    Plaintiff,

v.                             Case No: 2:18-cv-637-FtM-29MRM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. #25), filed on February 20, 2020, recommending that the Decision of the Commissioner be reversed and remanded for the ALJ to properly evaluate claimant's ability to communicate in English. No objections have been filed, and the time to do so has expired.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Moore v.

Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Schink v. Comm'r, 935 F.3d 1245, 1257 (11th Cir. 2019); Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

## II.

The Administrative Law Judge (ALJ) found that plaintiff had not engaged in substantial gainful activity since March 12, 2014, and that she had the following severe impairments: diabetes mellitus, neuropathy, chronic kidney disease, hypertension, obesity, anxiety disorder, and depressive disorder. The ALJ concluded that these impairments, individually or in combination, did not meet or equal any specific listing. The ALJ found a mild limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others and with

concentrating, persisting, or maintaining pace; a mild limitation for adapting or managing oneself; and no more than a mild to moderate limitation in her mental functioning. The ALJ found that plaintiff had the residual functional capacity to perform light work, except plaintiff can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The ALJ found that plaintiff could stand and/or walk 4 hours in a 8-hour workday, and 6 hours of a 8 hour workday, but plaintiff must have the option to alternate sitting and standing. The ALJ also limited plaintiff to performing simple SVP 2 tasks. Plaintiff can have occasional interaction with supervisors, coworkers, and the public.

The ALJ concluded that plaintiff was unable to perform any of her past relevant work. A vocational expert testified that an individual with plaintiff's hypothetical limitations could not perform her past relevant work because the jobs were medium, semi-skilled jobs. The ALJ found that plaintiff was closely approaching advanced age, that she had at least a high school education, and was able to communicate in English. Based upon the testimony of a vocational expert, the ALJ concluded that plaintiff was not disabled, and that there exist jobs in the national economy at the light, unskilled level that plaintiff could perform, specifically as a assembler, or an arranger, or office helper.

**III.**

Plaintiff raised five issues on appeal: (1) whether the ALJ had the legal authority to decide the case; (2) whether the Commissioner fulfilled her duty to establish that there are a significant number of jobs in the national economy that plaintiff could perform; (3) whether the ALJ properly evaluated plaintiff's ability to communicate in English; (4) whether the RFC assessment is supported by substantial evidence; and (5) whether the ALJ properly assessed symptoms and limitations. The Magistrate Judge specifically rejected all but one of the issues, finding that the Decision of the Commissioner was not supported by substantial evidence for the "sole reason" that the ALJ failed to properly evaluate claimant's capacity to communicate in English.

After an independent review, the Court agrees with the magistrate judge that plaintiff's challenge to the legal authority of the ALJ was untimely. As to the second issue, the Court agrees in part with the magistrate judge. The Court agrees that the ALJ properly relied upon the testimony of the vocational expert, even in the absence of "job incidence data." Biestek, 139 S. Ct. at 1155. The ALJ's determination of the number of jobs available which plaintiff could perform, however, is impacted by the incomplete hypothetical posed to the vocational expert, as discussed below. Therefore, the ALJ must be reversed on the second issue as well.

As to the third issue, the magistrate judge found that the ALJ's determination at step four of the evaluation process that plaintiff was able to communicate in English is not supported by substantial evidence. The Court agrees. The ALJ's statement that claimant "is able to communicate in English" is not only vague and unsupported by the record, it is contradicted by the record, as the magistrate judge highlighted.

As to issue four, the Court agrees with the magistrate judge that the ALJ properly assessed plaintiff's physical symptoms and limitations. As to issue five, the Court agrees with the magistrate judge that the ALJ properly assessed plaintiff's pain, symptoms and limitations.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #25) is **accepted and adopted in part** by the Court, as set forth above.

2. The Decision of the Commissioner of Social Security is **affirmed,** the Court finding that the challenge to the ALJ's legal authority to decide the case was untimely; the residual functional capacity assessment was supported by substantial evidence; and the ALJ properly assessed plaintiff's symptoms and limitations.

3. The Decision of the Commissioner of Social Security is **reversed in part** since the ALJ's determination plaintiff could communicate in English was not supported by substantial evidence

and the hypothetical questions to the vocational expert failed to include a proper description of plaintiff's inability to communicate in English, and therefore the Commissioner failed to fulfill her duty to establish that there are a significant number of jobs in the national economy that plaintiff could perform.

4. The matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can properly evaluate claimant's ability to communicate in English at steps four and five of the sequential evaluation, including a reevaluation by the vocational expert of whether a significant number of jobs exist in the national economy in light of plaintiff's lack of ability to communicate in English. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of March, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Mac R. McCoy
U.S. Magistrate Judge

Counsel of Record